IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESSAI, INC.,

    Plaintiff,

v.

DELTA DESIGN, INC,

    Defendant.

No. C 13-02356 JSW

**ORDER REGARDING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendant Delta Design, Inc. ("Delta Design"). The Court finds the matter suitable for disposition without oral argument and therefore VACATES the hearing set for December 6, 2013. *See* N.D. Civ. L-R 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court grants Delta Design's motion.

## BACKGROUND

Plaintiff Essai, Inc. ("Essai") filed the complaint in this action, a declaratory relief action seeking a declaration of non-infringement and of invalidity of United States Patent No. 5,821,505 ("the '505 Patent"). On February 13, 2013, Delta Design wrote to Essai, asserting its rights pertaining to thermal control testing of integrated circuit devices. In the letter, Delta Design pointed to Essai's patent application and briefly described the technology covered by Delta Design's patents, including the '505 Patent. (Declaration of William J. Robinson ("Robinson Decl."), Ex. 1.) Delta Design asked Essai to please confirm that it "has not incorporated any of the technology covered by Delta Design's patents." (*Id*.) Essai wrote back,

1 noting that Delta Design did not identify any Essai product or product design that it contends is
2 covered by one or more Delta Design patents. (Declaration of Karen Huoth ("Huoth Decl."),
3 Ex. A.) Delta Design responded that it did identify a product or product design, pointing again
4 to Essai's patent application, "which describes designs that appear to require technology
5 covered by Delta Design patents." (*Id*., Ex. B.) Delta Design stated that Essai's patent
6 applications "describe embodiments, which if manufactured, would appear to infringe Delta
7 Design patents." (*Id*.) Essai wrote back, distinguishing the technology in its applications from
8 that covered by Delta Design's patents and arguing that Delta Design's patents are invalid.
9 (Robinson Decl., Ex. 2.) Delta Design wrote to Essai again on May 8, 2013, stating that based
10 on a letter from Essai, "it appears that Essai is selling and offering to sell products that practice
11 technology described in previously referenced Essai applications." (*Id*., Ex. 3.) Delta Design
12 further wrote "[p]lease confirm whether Essai will immediately cease and desist from any
13 infringing activity based on the design described in its published applications." (*Id*.)

14 On May 28, 2013, Essai wrote to Delta Design, stating that "in correspondence to date,
15 Delta Design ... has not identified the specific Essai product that allegedly infringes Delta's
16 patents." (*Id*., Ex. 4.) Instead, Delta Design has only pointed to Essai's patent applications,
17 which is insufficient to support patent infringment allegations. (*Id*.) However, "in order to
18 clear up this controversy and vindicate its rights, Essai has filed a complaint ... seeking
19 declaratory judgment that certain Thermal Control Units ("TCU") that Essai makes, sells and
20 offers for sale do not infringe any valid claims of ['505 Patent]." (*Id*.)

21 Delta Design wrote back, clarifying that it was not accusing Essai's applications of
22 infringement, but that Delta Design was concerned with whether Essai has manufactured, sold
23 or offered to sell products embodying the technology described in Essai's patent application.
24 (Huoth Decl., Ex. C.) Delta Design requested that "Essai provide drawings or other information
25 sufficient to show the design and operation of its products." (*Id*.) In a follow up letter asking
26 again for a description of the technology as described in the patent application that Essai is
27 commercially practicing, Delta Design states that "[t]here is virtually nothing in the public
28

2

1 record domain that describes Essai's technology except the patent application." (Robinson
2 Decl., Ex. 5.)

3 Delta Design now moves to dismiss Essai's claims for declaratory relief on the grounds
4 that this Court lacks subject matter jurisdiction and that Essai has not stated sufficient facts to
5 state any claims. The Court shall address additional facts as necessary in the remainder of this
6 Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citation omitted); *accord Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).

When "the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action," a jurisdictional finding of genuinely disputed facts is inappropriate. *Id.* (internal quotations and citations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation and citation omitted). Notwithstanding this general rule, dismissal for lack of subject matter jurisdiction, even when intertwined with the merits, may be appropriate "when the allegations of the complaint are frivolous." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) (citation omitted).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint

3

1  are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even
2  under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's
3  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
4  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*
5  *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S.
6  265, 286 (1986)).

7  Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
8  must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at
9  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
10 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
11 *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at
12 556). "The plausibility standard is not akin to a probability requirement, but it asks for more
13 than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts
14 that are merely consistent with a defendant's liability, it stops short of the line between
15 possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57)
16 (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court
17 should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton*
18 *Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal.*
19 *Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

20 **B.   Delta Design's Motion.**

21 Delta argues that there is no jurisdiction to hear Essai's declaratory relief action against
22 it because there is no case or controversy between them. The Declaratory Judgment Act
23 authorizes courts to "declare the rights and other legal relations of any interested party seeking
24 such declaration" so long as the declaration is sought "in a case of actual controversy within the
25 Court's jurisdiction." 28 U.S.C. § 2201(a). The Supreme Court set forth the following standard
26 for jurisdiction over a declaratory relief action:

27 > [T]hat the dispute be definite and concrete, touching the legal relations having adverse legal interests and that it be real and substantial and admit of specific
28

4

> relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 774 n.11 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

> Thus, in place of the reasonable threat of imminent suit test, the Supreme Court require[s] a showing of "whether the facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (citing *MedImmune,* 127 S.Ct. at 771). The test for declaratory relief jurisdiction is objective; "it is the objective words and actions of the patentee that are controlling." *Hewlett-Packard v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009) (citation omitted).

"A party claiming declaratory judgment jurisdiction has the burden to establish the existence of such jurisdiction.." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007). "For the parties to have 'adverse legal interests,' 'there must be an underlying legal cause of action that the declaratory judgment defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff has preempted it.'" *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d. 822, 828 (N.D. Cal. 2012) (quoting *Microchip Tech. Inc. v. Chamberlain Group, Inc.,* 441 F.3d 936, 943 (Fed. Cir. 2006)). Courts have found that in the absence of a product being accused of infringing a patent, there is no "case or controversy." *Id*. at 830 (dismissing declaratory relief action based on lack of jurisdiction); *see also ASUSTeK Computer Inc. v. AFTG-TG LLC*, 2011 WL 6845791, *13 (N.D. Cal. Dec. 29, 2011) ("Absent identification of the products accused of infringement, there is no concrete case or controversy."); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 1654466, *12 (N.D. Cal. Apr. 28, 2011) (same).

Here, despite the lengthy correspondence between the two companies, none of the letters identify any particular product sold or offered for sale by Essai. Nor does Essai identify any particular product in its complaint for declaratory relief. Notably, in *Wistron*, the declaratory relief defendants had filed an affirmative lawsuit against the declaratory relief plaintiffs less

5

than three weeks after the declaratory relief action was filed, based on the declaratory relief plaintiffs' "manufacture, use, importation, sale and/or offer for sale of computer chips, motherboards, computers and other products ...." 2011 WL 16544666 at *2. The court noted that because the declaratory relief defendants threatened suit against plaintiffs over the patents at issue, "the court should presume that [d]efendants know which products infringe." *Id*. at 12. Despite this fact, the court still found that the products accused of infringement were not sufficiently identified in either lawsuit, and that, in the absence of such identification, there was no concrete case or controversy. *Id*. Here, in the absence of any accusations by Delta Design regarding a specific product, the Court finds that the facts asserted under all of the circumstances do not demonstrate a "substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Micron Tech.*, 518 F.3d at 901. Accordingly, the Court grants Delta Design's motion to dismiss this claim for lack of jurisdiction.

Because the defects to jurisdiction are curable, the Court will provide Essai with leave to amend. Essai shall file an amended complaint, if any, within 30 days from the date of this order. Alternatively, if Essai is unable at this time to identify specific products over which it is concerned that Delta Designs is accusing of infringement, this Order is without prejudice to Essai filing another action if and when the dispute between Essai and Delta Design develops into a concrete case or controversy.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Delta Design's motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: December 2, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6